**Robert Stempler**, Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC
P.O. Box 7145
Oxnard, CA 93031-7145
Telephone (805) 246-2300
Fax: (805) 576-7800

**Steven A. Simons**, Esq. [S.B. #131410]
E-Mail: simonslaw@verizon.net
LAW OFFICE OF STEVEN A. SIMONS
P.O. Box 33623
Granada Hills, CA 91394-3623
16933 Parthenia St. Suite 202
Northridge, CA 91343
Tel: (818) 788-5291
Fax: (818) 363-9288

Co-counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA ACUNA,<br><br>    Plaintiff,<br><br>vs.<br><br>PERSOLVE LLC;<br>and DOES 1 to 10;<br><br>    Defendants. | Case No. 2:15-cv-4820<br><br>COMPLAINT FOR:<br>1.  VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT;<br>2.  VIOLATING THE ELECTRONIC FUNDS TRANSFER ACT;<br><br>and DEMAND FOR JURY TRIAL |

### Jurisdiction

1.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

///

///

Parties

2. The plaintiff, SHEILA ACUNA ["Plaintiff" or "Ms. Acuna"] is a natural person.

3. Defendant PERSOLVE LLC ["Persolve"] was, at all times relevant to this complaint, an entity engaged in the business of collecting debts.

4. The true names and capacities of the defendants sued herein as DOES 1-10, inclusive, are unknown to Plaintiff, at the present time.

Facts Supporting Each Claim

5. Persolve referred to a debt as its file no. K1203093 allegedly of "SHEILA ACUNA," which allegedly was a personal Wells Fargo Bank credit card (the "Debt").

6. Plaintiff disputes Persolve's claimed balance of the Debt.

7. On March 4, 2013, Persolve filed a collection complaint for the Debt in the Superior Court of California, within Los Angeles County, as Case Number 13CJ1197 (the "Action"), naming "SHEILA ACUNA" as the defendant.

8. To defend her in the Action, Plaintiff hired Robert Stempler, Attorney at Law, of Consumer Law Office of Robert Stempler, APC.

9. On June 20, 2014, Plaintiff and Persolve agreed in writing to settle the Action and Debt, with Plaintiff agreeing to pay five payments of $400 each, for a total of $2,000. The settlement agreement did not authorize Persolve to process debits from Plaintiff's checking account.

10. Plaintiff paid Persolve the first settlement payment by regular check.

11. For the second settlement payment, Plaintiff called Persolve and gave the representative her debit card number to authorize the second payment. Persolve then debited the funds for the second payment from Plaintiff's checking account. Plaintiff did not receive written confirmation of this debit from Persolve. Plaintiff did not receive any written notice that Persolve would debit her checking account.

12. Plaintiff did not call Persolve again, but noticed that her checking account showed three more $400 debits from Persolve, which appeared on Plaintiff's checking account statements as "ACH Electronic Debit PERSOLVE LEGAL PURCHASE." Plaintiff did not receive written confirmation of any of these debits from Persolve. Plaintiff did not authorize Persolve to withdraw any of these three debits.

13. Plaintiff believed that Persolve would stop withdrawing $400 debits from Plaintiff's checking account when the total amount Plaintiff paid reached $2000 (the settlement amount), but she was mistaken.

14. On or about February 2, 2015, Plaintiff noticed that her checking account showed another $400 debit from Persolve, which appeared on Plaintiff's checking account statement as "OTHER DECREASE Persolve Legal PURCHASE."

15. Plaintiff notified her financial institution that Persolve's debit on February 2, 2015 was unauthorized; accordingly, Plaintiff's financial institution reversed the debit.

16. On or about February 10, 2015, Persolve had its financial institution debit another $400 from Plaintiff's checking account, which debit Plaintiff did not authorize.

17. Plaintiff notified her financial institution that Persolve's debit on February 10, 2015 was unauthorized; accordingly, Plaintiff's financial institution reversed the debit.

18. As a result of Persolve's two debits in February of 2015, Plaintiff was charged a total of $68 by her financial institution.

19. As a result of Persolve's two unauthorized debits in February of 2015, Plaintiff has incurred other actual damages, and Plaintiff had to retain legal counsel, incurring legal fees and expenses.

20. On February 16, 2015, attorney Robert Stempler sent a letter to Persolve, which confirmed that the $2000 had been paid and which notified Persolve to stop all further debits from Plaintiff's checking account, of the damages that Plaintiff

1  incurred, and that Persolve has yet to complete the terms of its settlement agreement
2  with Plaintiff by dismissing the Action.

3       21. On April 21, 2015, attorney Robert Stempler sent Persolve written
4  discovery in the (the "Action") with a cover letter that referred to the letter dated
5  February 16, 2015, to which no response had been received.

6       22. On May 26, 2015, attorney Robert Stempler received an email from
7  Persolve's counsel, Edit Alexandryan, which stated: "Hi Robert, How can resolve this
8  matter short of discovery and a lawsuit?"

9       23. On May 30, 2015, attorney Robert Stempler received by U.S. Mail
10 Persolve's responses to Defendant's written discovery and in a separate envelope
11 from Persolve a letter dated May 4, 2015 with a copy of the signed Request for
12 Dismissal with Prejudice of the Action, which Persolve filed on May 28, 2015.

13     24. On May 31, 2015, attorney Robert Stempler replied by email to Ms.
14 Alexandryan that her May 26th email "implies that [she] did not see [Mr. Stempler's]
15 February 16, 2015 letter. See attached and please advise." and a PDF copy of Mr.
16 Stempler's letter was attached to the May 31 email.

17     25. On June 2, 2015, attorney Robert Stempler called Persolve and left a
18 voice message for Ms. Alexandryan and also send an email to her regarding the voice
19 message being left.

20     26. As of the date of the filing of this matter, Persolve has not responded to
21 Robert Stempler's May 31, 2015 email or June 2, 2015 email and voice message, nor
22 has Persolve offered or paid Plaintiff's damages, as stated, above.
23 ///
24 ///
25 ///

## FIRST CLAIM FOR RELIEF

### Violating the Fair Debt Collection Practices Act

### Against all Defendants

27. Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" are incorporated by reference.

28. Plaintiff is a "consumer," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(3).

29. The Debt is a "debt," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(5).

30. The defendants are each a "debt collector," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(6).

31. The defendants violated the FDCPA in the following ways:

   a. Violations of § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse, any person in connection with collection of a debt.

   b. Violations of § 1692e by using false, deceptive or misleading representations or means in connection with the collection of a debt.

   c. Violations of § 1692e(2) by making false representations of the status or legal character of a debt.

   d. Violations of § 1692e(5) by threat to take any action that cannot legally be taken or is not intended to be taken.

   e. Violations of § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

   f. Violations of § 1692f by the use of any unfair or unconscionable means to collect or attempt to collect any debt.

     g.    Violations of § 1692f(1) by attempting to collect any amount not authorized by the settlement agreement with Plaintiff or permitted by law.

     h.    Violations of § 1692f(2) by acceptance of check or other payment instrument post dated by more than five days, unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

32. The above violations have caused Plaintiff to incurred actual damages, and Plaintiff had to retain legal counsel, incurring legal fees and expenses.

SECOND CLAIM FOR RELIEF

<u>Violating the Electronic Funds Transfer Act</u>

<u>Against Persolve LLC</u>

33. Those paragraphs under the headings "Jurisdiction," "Parties," and "Facts Supporting Each Claim" are incorporated by reference.

34. Those paragraphs under the "Jurisdictional Allegations" and "Facts Regarding All Causes of Action" are incorporated by reference.

35. Plaintiff did not authorize each of the electronic fund transfers in writing, but Plaintiff authorized one transfer during a phone call.

36. Plaintiff did not receive from Persolve a copy of any such authorization.

37. Persolve used its knowledge of Plaintiff's debit card number to withdraw or attempt to withdraw funds from Plaintiff's checking account without written authorization.

38. Thus, Persolve violated 15 U.S.C. § 1693e.

39. Also, Persolve violated 12 CFR 205.10, known as Regulation E.

40. The above violations have caused Plaintiff to incurre actual damages, and Plaintiff had to retain legal counsel, incurring legal fees and expenses.

1  WHEREFORE, Plaintiff prays for judgment as follows:

2  1.  On the First Claim for violating the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. § 1692k(a), an award of actual (for purposes of a default judgment, Plaintiff demands damages of $5,000) and statutory damages, costs and reasonable attorneys' fees;

3  2.  On the Second Claim for violating the Electronic Funds Transfer Act, pursuant to 15 U.S.C. § 1693m, an award of actual (for purposes of a default judgment, Plaintiff demands actual damages of $5,000) and statutory damages (for purposes of a default judgment, Plaintiff demands statutory damages of $1,000), costs and reasonable attorneys' fees;

4  3.  And for such other and further relief as the court deems proper.

## DEMAND FOR JURY TRIAL

Please take notice that the plaintiff demands trial by jury in this action.

CONSUMER LAW OFFICE OF ROBERT STEMPLER, APC

/s/ Robert Stempler
By: Robert Stempler,
Co-counsel for Plaintiff